IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Rodriguez,<br>aka Anthony Aaron Cox,<br><br>       Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>       Defendants. | CIV 07-1094-PHX-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

      Plaintiff Anthony Rodriguez, aka Anthony Aaron Cox, who is confined in the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Complaint contains a single count alleging that, in violation of the Eighth Amendment, Defendants are deliberately indifferent to Plaintiff's medical condition. Plaintiff alleges that he has a life-threatening illness – hepatitis C, Stage 4, which includes cirrhosis of the liver. He alleges that Defendants have policies and procedures that result in the denial of medical care based on budgetary concerns and that Defendants enforce these policies and procedures. Plaintiff alleges that Defendants have denied him medical treatment for his condition by denying him a liver transplant or alternative treatments. He also alleges that he suffers from extreme fatigue, vomiting of blood, and loss of consciousness due to hypoglycemia and that Defendants have acted with deliberate indifference by refusing to transfer him to a medical facility better equipped to handle his medical needs. Plaintiff

1  alleges that Defendants acted with deliberate indifference by denying treatment on the
2  grounds that there is no protocol and that Arizona Department of Corrections will not
3  authorize a liver transplant due to budgetary concerns.

4        Currently pending before the Court is Plaintiff's "motion for review of complaint for
5  class action certification" (Doc. #27). Plaintiff seeks class certification of all present inmates
6  at the Florence prison who he contends have allegedly been denied medical treatment for
7  hepatitis C.

8        Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, a member of a class
9  may sue on behalf of the class only if: (1) the class is so numerous that joinder is
10 impracticable, (2) there are questions of law or fact common to the class, (3) the claims of
11 the representative party are typical of the claims of the class, and (4) the representative party
12 will fairly and adequately protect the interests of the class.  The Court, having reviewed
13 Plaintiff's motion and Defendants' response thereto, concludes that Plaintiff has not met the
14 prerequisites for class certification.

15       First, Plaintiff has not established that the number of the proposed class are so
16 numerous or that joinder is impracticable.  Although Plaintiff is not required to specify the
17 exact number of persons in the class, he cannot simply rely on conclusory allegations that
18 joinder is impracticable or on speculation as to the size of the class in order to prove
19 numerosity. Second, Plaintiff has not shown that there are questions of law or fact common
20 to all class members. Despite Plaintiff's contention that the purported class would consist
21 of inmates who have allegedly been denied treatment for hepatitis C, it appears that the
22 factual circumstances as to each prospective class member with respect to medical history,
23 physical condition, and individual treatment needs would be better examined on a case-by-
24 case basis. Finally, as a *pro se* plaintiff, Plaintiff cannot "fairly and adequately protect the
25 interests of the class," as required by the Federal Rules of Civil Procedure 23(a)(4).  See
26 Oxendine v. Williams 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit imprisoned
27 litigant, unassisted by counsel, to represent fellow inmates in a class action).  Although a
28

- 2 -

1  non-attorney may appear *pro se* on behalf of himself, he has no authority to appear on behalf
2  of others. Accordingly, the Court finds that Plaintiff has not met the prerequisites for class
3  certification pursuant to the Federal Rules of Civil Procedure 23(a).

## CONCLUSION

Having determined that Plaintiff has not met the prerequisites for class certification, the Court will recommend that Plaintiff's "motion for review of complaint for class action certification" be denied.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's "motion for review of complaint for class action certification" (Doc. #27) be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 26th day of October, 2007.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 3 -